UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO.  25-cr-221 (TJK) |
| v. | : | |
| | : | |
| KAEVON SUTTON | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## MOTION IN LIMINE TO PRECLUDE THE USE OF CERTAIN TERMS

Defendant Kaevon Sutton asks the Court for an Order precluding the government or its witnesses from referring to individuals identified as M.C. and U.G. in the Superseding Indictment as "victims" and from using the words "carjacking" and "armed robbery" during testimony and questioning. *See generally* (ECF 30).  Mr. Sutton's request should be denied as it: (i) is overbroad and; (i) unduly hampers witnesses from speaking in colloquial terms.

## ARGUMENT

The Superseding Indictment charges Mr. Sutton with: (i) kidnapping, in violation of 18 U.S.C. § 1201(a)(10); (ii) interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951; (iii) taking a vehicle by force with intent to cause serious bodily injury or death (commonly referred to as "carjacking"), in violation of 18 U.S.C. § 2119; and (iv) brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924 (c)(1)(A)(ii).

As an initial matter, the term "victim" is an appropriate and neutral way to identify the victims in this matter, i.e., individuals who were beaten, forced into their vehicles, and taken across state lines. As defined at 18 U.S.C. § 3771(e)(2)(A), the term "crime victim" means "a person directly and proximately harmed as a result of the commission of a Federal offense." The term "victim" is used throughout Title 18, appearing over 100 times in the statutory text and a dozen

times in statutory titles. And use of the term "victim" at trial has been widely approved. *See, e.g., Tollefson v. Stephens*, No. 14-CV-144, 2014 WL 7339119, at *6 (W.D. Tex. Dec. 23, 2014) (noting that the term "victim" is "commonly used at trial in a neutral manner to describe the events in question"). Indeed, referring to injured persons as victims is permissible, even in the context of jury instructions. This is because "use of the term 'victim' in jury instructions is not prejudicial to a defendant's rights when . . . the instructions taken as a whole clarify the government's burden of proving all elements of the crime." *United States v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006) (collecting cases).

The term "victim" is neither prejudicial nor misleading. As courts across the country have explained, "[J]urors understand that the Government's position is that a crime in fact occurred, and that the Government's references to 'victim' is merely a restatement of this party's position in the adversarial contest. Even jurors new to the courtroom are unlikely to be misled or confused by the Government's use of the word 'victim' to describe the alleged victim in this matter." *United States v. Seed*, No. 07-CR-62, 2008 WL 11450454 (D.S.D. Feb. 22, 2008); *see also* Transcript of Final Pre-Trial Conference at 4–5, *United States v. Maxwell,* No. 20-CR-330 (S.D.N.Y. Nov. 1, 2021), ECF. No. 465 ("Government counsel can use the word 'victim' if they're referring to someone alleged to be a victim of the crimes charged in the indictment…It is appropriate for the government to use the terms as representative of its litigating position"); *United States v. Spensley*, No. 09-CV-82, 2011 WL 165835 (C.D. Ill. Jan. 19, 2011) ("The jury will not be unfairly inflamed or prejudiced against Defendant if R.K. is referred to as a victim . . . The court is confident that the jury will be able to fairly judge the case and will follow the court's instructions to it on (1) the government's burden of proof and (2) the Defendant's presumption of innocence."). And, as courts have also recognized, precluding the use of terms like "victim" is "impractical," as evidenced by

the fact that counsel and the court routinely use those terms during hearings because "it's just hard to engage in a discussion of the charges here without" doing so. Transcript Final Pre-Trial Conference at 49–50, *United States v. Dupigny,* No. 18-CR-528 (S.D.N.Y. Oct. 17, 2019), ECF No. 198.

With respect to the terms "carjacking," "robbery," and "armed robbery," those are colloquial terms for the civilian witnesses to describe what happened and the law enforcement witnesses to describe what was under investigation.[1] *See United States v. Gartmon*, 146 F.3d 1015, 1024 (D.C. Cir. 1998) (drawing a distinction between "free-floating allegations" and statements tied to evidence); *United States v. Rhine*, No. 21-CR-0687, 2023 WL 2072450, at *8 (D.D.C. Feb. 17, 2023) ("Riot and mob are not legal terms, and it would be exceedingly difficult to accurately characterize the events of January 6 in a way that would reveal their use to be overstatement.").

To be clear, the government is not seeking to belabor the use of the terms during the testimony. With respect to U.G. and M.C., it is routine practice to simply refer to the individuals by their surname, "complainant," or "alleged victim." As a general matter, though, the government submits that those terms cited by the defendant should not be censored from questions or testimony when used colloquially. *See United States v. Bendawald*, No. 23-CR-00281, 2025 WL 2494547, at *12 (D. Idaho Aug. 29, 2025) ("[T]he Court will allow the Government to use the term in the colloquial sense and in questions—for example—about feeing "victimized" or "like the victim of" some offense or conduct. If any other situation calls for a label to be applied to an individual person, the phrase "alleged victim" is preferred.").

---

[1] The terms have common definitions in the English language. *Carjacking*, Merriam-Webster.com (last visited October 10, 2025); *Armed Robbery*, Merriam-Webster.com (last visited October 10, 2025); *Robbery*, Merriam-Webster.com (last visited October 10, 2025).

## **CONCLUSION**

Wherefore, for the foregoing reasons, the Court should deny Mr. Sutton's motion.

                                           Respectfully submitted,

                                           JEANINE FERRIS PIRRO
                                           United States Attorney

By:           */s/ Caelainn Carney*
                    Caelainn Carney
                    N.Y. Attorney No. 5751672
                    Assistant United States Attorneys
                    601 D Street NW
                    Washington, D.C. 20530
                    202-714-6433
                    Caelainn.carney@usdoj.gov